UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 22-cv-512 (WMW/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Fikes, | |
| Respondent. | |

Michael Fiorito, Reg. No. 00414-424, FCI Herlong, P.O. Box 800, Herlong, CA 96113 (pro se Petitioner); and

Ana H. Voss and Kristen E. Rau, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

This matter is before the Court on pro se Petitioner Michael Fiorito's Motion to Compel Production of Documents, ECF No. 35, and Request for Extension of Time, ECF No. 39.

**I. BACKGROUND**

The background of this case is set forth in the prior Report & Recommendation dated May 23, 2022, ECF No. 30, *Fiorito v. Fikes*, 22-cv-512 (WMW/HB), 2022 WL 2276734 (D. Minn. May 23, 2022) [hereinafter R&R], *adopting report and recommendation*, 2022 WL 2275866 (D. Minn. June 23, 2022), and Order on Plaintiff's Combined Motion for Clarification & Leave of Court dated May 24, 2022, ECF No. 31.[1]

---

[1] This matter was reassigned to the undersigned due to the retirement of Magistrate Judge Hildy Bowbeer. ECF No.

As stated in the prior R&R, the basis upon which Petitioner seeks habeas relief under 28 U.S.C. § 2241 is as follows:

> Fiorito is serving a sentence for convictions of conspiracy to commit mail fraud and mail fraud, with a projected release date of August 22, 2026. (Lee-Lo Decl. ¶ 3 [ECF No. 24].) He is currently imprisoned in Federal Correctional Institution (FCI) Sandstone,[2] though he was previously imprisoned in other federal prisons including FCI-Ashland. (Pet. Attachment A-1 ¶¶ 5–10 [ECF No. 1-1].) In 2016, staff in FCI-Ashland filed and sustained two incident reports against Fiorito for violating prison rules. (Lee-Lo Decl. ¶ 7; Lee-Lo Exs. D at 1-2, E, F [ECF Nos. 24-4, 24-5, 24-6].) In February 2022, staff in FCI-Sandstone filed and sustained another incident report against Fiorito. (Lee-Lo Decl. ¶ 8; Lee-Lo Exs. D at 1, G [ECF No. 24-7].) On February 19, 2022, Fiorito's case manager at FCI-Sandstone informed him that due to these incident reports, his Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) risk was going to increase from low to medium. (Pet. Attachment A-1 ¶¶ 36-37; Lee-Lo Decl. ¶¶ 8-9; Lee-Lo Exs. C, I [ECF Nos. 24-3, 24-9].)
>
> For context, PATTERN is a component of the Bureau of Prison's implementation of the First Step Act's (FSA) system intended to reduce the risk of federal prisoners recidivating after release. *See generally* 18 U.S.C. §§ 3631-3635; U.S. Dep't of Justice, *The First Step Act of 2018: Risk and Needs Assessment System,* at iv ("*Risk and Needs Report*"), available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf (last visited May 10, 2022). Under the FSA, a prisoner may earn various benefits including time credits towards an early transfer to pre-release custody or supervised release by successfully participating in programs and activities that the BOP has determined through a PATTERN assessment will help the prisoner address social, emotional, and material needs and thereby reduce their risk of recidivating. *See* 18 U.S.C. §§ 3631-3635; 28 C.F.R. §§ 523.40-523.44. The BOP also

---

32.
[2] Petitioner has since been transferred to FCI Herlong, located in Herlong, California.

>uses PATTERN to periodically (re)assess a prisoner's recidivism risk as minimum, low, medium, or high based on a score calculated from several factors, including the number and seriousness of incident reports filed against a prisoner in the past 120 months, and the time since the last incident report. (Pet. Attachment B [ECF No. 1-1]; Lee-Lo Exs. C, I.) An otherwise eligible prisoner may earn time credits regardless of risk level, but a prisoner who maintains minimum or low risk over the two most recent assessments and is currently low or minimum earns time credits at a faster rate. 28 C.F.R. § 523.42. Also, while the BOP ultimately retains discretion over whether to apply earned time credits to a prisoner's early release, a prisoner who maintains a low or minimal risk faces fewer administrative hurdles to convincing the BOP to do so. *See generally* 28 C.F.R. § 523.44.
>
>Upon learning that his PATTERN risk was increasing, Fiorito filed his Petition for Writ of Habeas Corpus in this District on February 28, 2022. He seeks to have the two FCI-Ashland incident reports expunged from his BOP record on the grounds that the prison staff filed the reports in retaliation for his exercise of First Amendment rights and violated his due process rights when issuing and reviewing the reports, and on the additional ground that he was not guilty of the alleged violations. He then seeks to have BOP staff recalculate his PATTERN risk to low. (Pet. ¶¶ 13, 15; Pet. Attachment A-1 ¶¶ 10-15, 40-45, Relief.)

R&R, 2022 WL 2276734, at *1-2.

## II. PETITIONER'S REQUESTS

Petitioner moves to compel Respondent to produce a "pamphlet/guide," which, according to Petitioner, was issued by the Bureau of Prisons ("BOP") "between November 2021 and March 2022" and "guided Respondent and other staff on how to *increase* an inmate's PATTERN score to deprive them of [First Step Act] good time credits and how to increase an inmate's designation to 'medium' to achieve that aim." Mot. to Compel at 2. Petitioner states that he "will be able to use that "pamphlet/guide to

3

demonstrate the BOP and Respondent's bad faith in relation to implementation of the First Step Act and how, even before Respondent had any idea how to implement the [First Step Act], he and the BOP were trying to find ways to deny inmates' [First Step Act] good time credits." Mot. to Compel at 3. Petitioner acknowledges that "[t]he documents [he] seeks are public documents but Respondent and the BOP have made every effort to hide them from public view." Mot. to Compel at 3.

In addition to this "pamphlet/guide," Petitioner moves to compel Respondent "to provide *all* pamphlets, memos, and guides related to implementation of the [First Step Act] issued and created between November 1, 2021 and March 1, 2022" as well as "all directives, updates, [and] memos demonstrating *all* the recent changes to the PATTERN score, i.e., anything deleted, expanded, or added that changed the PATTERN score between April 1, 2022 and June 30, 2022, e.g., has the 'low' category between expanded to 39 points?" Mot. to Compel at 5.

Respondent opposes Petitioner's motion. *See generally* Resp't's Resp., ECF No. 37.

Petitioner subsequently filed a request for extension of time, stating Respondent's opposition "is frivolous but still requires an answer"; the United States Supreme Court had "recently decided two cases that may have bearing on this case," identifying *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), and *West Virginia v. Envtl. Prot. Agency*, 142 S. Ct. 2587 (2022); and he needed time to respond to Respondent's opposition "and research the above cases." Req. for Extension at 1-2. Petitioner also requested that three subpoenas be issued to him "so that he may obtain some of the documents that will support his

4

petition," noting he "has no access to the internet or public documents." Req. for Extension at 3.

Petitioner then filed a reply in support of his motion to compel. *See generally* Pet'r's Reply, ECF No. 40. Plaintiff reiterated that the documents he seeks would "provide substantial support for [his] claims that BOP staff are implementing the [First Step Act] in an arbitrary [and] capricious manner [and] willfully trying to sabotage the implementation of the [First Step Act] which goes to the heart of [his] claims." Pet'r's Reply at 2. Petitioner reiterates that he does not have access to the Internet and therefore "cannot access any public documents." Pet'r's Reply at 2. Lastly, Petitioner requests "60 days to file a supplement outlining how the new Supreme Court cases [of *Kisor*, *West Virginia*, and *United States v. Wooden*, 142 S. Ct. 1063 (2022),] affect this case." Pet'r's Reply at 4.

The Court construes Petitioner's motion as seeking an order from the Court authorizing him to conduct discovery. *See, e.g.*, *Olsen as Tr. for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) ("A document filed pro se is to be liberally construed." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))), *reh'g denied*, No. 20-2771, 2022 WL 780571 (8th Cir. Mar. 15, 2022). The Court similarly construes Petitioner's request for extension of time to file a reply to be a request to file such a reply as "a party must not file a reply memorandum in support of a nondispositive motion" without the Court's prior permission. D. Minn. LR 7.1(b)(3). The Court will exercise its discretion to consider Petitioner's reply without prior authorization on this occasion. Petitioner is cautioned that any future unauthorized memoranda may be disregarded.

**A. Discovery Requests**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *accord Annamalai v. Warden*, 760 F. App'x 843, 849 (11th Cir. 2019); *Bowers v. U.S. Parole Commission*, 760 F.3d 1177, 1183 (11th Cir. 2014). "[T]he 'broad discovery provisions' of the Federal Rules of Civil Procedure d[o] not apply in habeas proceedings." *Bracy*, 520 U.S. at 904 (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)). Under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing Section 2254 Cases"),[3] "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See also Bracy*, 520 U.S. at 904; *Thomas v. Roy*, No. 17-cv-2790 (DWF/HB), 2018 WL 4376437, at *15 (D. Minn. July 27, 2018), *adopting report and recommendation*, 2018 WL 4374007 (D. Minn. Sept. 13, 2018).

The Court concludes that Petitioner has not shown good cause for the discovery—the documents as well as the subpoenas—he seeks.[4] The discovery sought extends beyond the claims upon which Petitioner has sought habeas relief, namely, that prison

---

[3] "Although [the Rules Governing Section 2254 Cases] directly apply to habeas petitions filed pursuant to 28 U.S.C. § 2254, courts may also apply them to habeas petitions filed pursuant to 28 U.S.C. § 2241." *Opsahl v. Minnesota*, No. 09-cv-3709 (JRT/RLE), 2010 WL 3515698, at *3 (D. Minn. Aug. 31, 2010) (citing Rule 1(b) of the Rules Governing Section 2254 Cases; *Mickelson v. United States*, No. 01-cv-1750, 2002 WL 31045849, at *2 (D.Minn. Sept. 10, 2002)); *see also, e.g., Annamalai*, 760 F. App'x at 849; *Bowers*, 760 F.3d at 1183 n.8.

[4] To the extent the documents Petitioner seeks are publicly available, nothing in this Order precludes or prohibits Petitioner from accessing those documents himself in the ordinary course. Petitioner's own acknowledgement that the purported "pamphlet/guide" is publicly available and the fact that Respondent identified a means of public access to the purported "pamphlet/guide" Petitioner seeks, Resp't's Resp. at 1-2, belies his assertion that "Respondent and the BOP have made every effort to hide them from public view," Mot. to Compel at 3.

6

staff at FCI-Ashland filed the incident reports in retaliation for Petitioner's exercise of his First Amendment rights; prison staff at FCI-Ashland violated his due process rights when issuing and reviewing the reports; and Petitioner is not guilty of the alleged violations.

### B. Supplemental Briefing

As for Petitioner's request to file supplemental briefing regarding *Kisor*, *West Virginia*, and *Wooden*, such request is likewise denied. Notably, *Kisor*, which addressed deference to an agency's reasonable reading of a genuinely ambiguous regulation, was issued well over two and a half years *before* Petitioner filed his Petition. *See, e.g.*, 139 S. Ct. 2414-18; *see generally* ECF No. 1. Nor is it immediately apparent to this Court how *Wooden* and *West Virginia* bear on the issues at hand. *Wooden* involved interpretation of the Armed Career Criminal Act's "committed on occasions different from one another" clause, 18 U.S.C. § 924(e)(1). *See generally* 142 S. Ct. at 1067-74. *West Virginia* concerned the Environmental Protection Agency's authority under the Clean Air Act, 42 U.S.C. § 7401 *et seq. See generally* 142 S. Ct. at 2599-2616.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Compel Production of Documents, ECF No. 35, is **DENIED**.

2. Petitioner's Request for Extension of Time, ECF No. 39, is **GRANTED IN PART** insofar as the Court has permitted and considered his reply, and is **OTHERWISE DENIED**.

3. All prior consistent Orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: September  13  , 2022              *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


                                          *Fiorito v. Fikes*
                                          Case No. 22-cv-512 (WMW/TNL)