UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Fiorito,

    Petitioner,

v.

Warden Fikes,

    Respondent.

Case No. 22-cv-0512 (WMW/TNL)

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**

---

This matter is before the Court on Petitioner Michael Fiorito's appeal, (Dkt. 44), of the September 13, 2022 Order of United States Magistrate Judge Tony N. Leung, (Dkt. 41), which denied Fiorito's motion to compel and motion for an extension of time.[1]  For the reasons addressed below, the September 13, 2022 Order is affirmed.

## BACKGROUND

Fiorito is currently serving a sentence for convictions of mail fraud and conspiracy to commit mail fraud, with a projected release date of August 22, 2026.

In 2016, staff in Federal Correctional Institute (FCI) Ashland, where Fiorito was incarcerated, filed and sustained two incident reports against Fiorito for violating prison rules.  In February 2022, staff in FCI-Sandstone, the facility Fiorito had been transferred to, filed and sustained another incident report against Fiorito.  After the February 2022

---

[1] On December 8, 2022, Fiorito filed a motion requesting that this Court take judicial notice of two non-binding cases that he asserted addressed BOP's discretion in awarding time credits.  Because the merits of Fiorito's petition are not presented in the two pending motions, the Court does not further address Fiorito's motion for judicial notice in this Order.

incident report was filed, Fiorito's case manager informed him that his Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN)[2] risk assessment would increase from low to medium because of these incident reports.

After Fiorito learned that his PATTERN risk assessment was increasing, he filed his petition for a writ of habeas corpus on February 28, 2022.  Fiorito seeks to have the two FCI-Ashland incident reports expunged from his BOP record on the grounds that the prison staff filed the reports in retaliation for Fiorito's exercise of First Amendment rights and violated Fiorito's due process rights when issuing and reviewing the reports, and on the additional ground that Fiorito was not guilty of the alleged violations.  Fiorito also seeks to have BOP staff reduce his PATTERN risk to low.

In July 2022, Fiorito moved to compel the production of documents, including a particular "pamphlet/guide" issued by the BOP between November 2021 and March 2022 that Fiorito alleges "guided Respondent and other staff on how to *increase* an inmate's PATTERN score" from low to medium.  Fiorito also sought to compel Fikes to provide "all pamphlets, memos and guides related to implementation of the [FSA] issued and

---

[2]    PATTERN is a component of the Bureau of Prison's implementation of the First Step Act (FSA).  Under the FSA, a prisoner may earn various benefits, including time credits towards an early transfer to pre-release custody or supervised release, by successfully participating in certain programs and activities that are believed to help reduce recidivism risk.  The BOP uses PATTERN to periodically assess a prisoner's recidivism risk as minimum, low, medium or high.  A prisoner's PATTERN assessment is based on a score calculated from several factors, including the number and seriousness of incident reports filed against a prisoner in the past 120 months and the time since the last incident report was filed.  An otherwise eligible prisoner may earn time credits regardless of risk level, but a prisoner who maintains a minimum or low risk assessment earns time credits at a faster rate.

created between November 1, 2021 and March 1, 2022" as well as "all directives, updates, [and] memos demonstrating all the recent changes to the PATTERN score, i.e., anything deleted, expanded, or added that changed the PATTERN score between April 1, 2022 and June 30, 2022."  Fiorito also moved for an extension of time to file a reply, which the magistrate judge interpreted as a motion for an extension of time to file supplemental briefing.  The magistrate judge denied Fiorito's motion to compel production of documents and granted in part and denied in part Fiorito's motion for an extension of time to file supplemental briefing.[3]  Fiorito now appeals the magistrate judge's September 13, 2022 Order.

## ANALYSIS

A district court conducts an "extremely deferential" review of a magistrate judge's ruling on a nondispositive issue.  *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (internal quotation marks omitted), *aff'd,* 821 F. App'x 656 (8th Cir. 2020).  Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law.  *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3)).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A ruling is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.*  (internal quotation marks omitted).

---

[3]    The magistrate judge granted Petitioner's motion in part insofar as the magistrate judge considered Fiorito's briefing, but otherwise denied the motion.

Fiorito's appeal raises two objections to the September 13, 2022 Order. The Court addresses each objection in turn.

## I. Appeal of Order Denying Motion to Compel

Fiorito first objects to the magistrate judge's denial of Fiorito's motion to compel discovery from Fikes.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, a judge may, for good cause, authorize a habeas petitioner to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. *See id.*; *Thomas v. Roy*, No. 17-cv-2790 (DWF/HB), 2018 WL 4376437, at *15 (D. Minn. July 27, 2018), *adopting report and recommendation*, 2018 WL 4374007 (D. Minn. Sept. 13, 2018). To show "good cause" under Rule 6(a), a petitioner must show that "if the facts are fully developed", the petitioner may be entitled to habeas relief. *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009).

Fiorito's objections to the September 13, 2022 Order do not address how the Order is clearly erroneous or contrary to law, nor do the objections address the magistrate judge's conclusion that the discovery Fiorito requests is unrelated to the claims his habeas petition is predicated on. Instead, Fiorito focuses his objections on the limited access he has to materials and resources as well as whether the documents he seeks will assist in bringing a challenge under the Administrative Procedures Act (APA). But because Fiorito has no right to discovery in his habeas case, the magistrate judge did not err in finding Fiorito had not established good cause. *See United States v. Reichel*, No. 14-cr-0298 (WMW/FLN),

2020 WL 638898, at *1 (D. Minn. Feb. 11, 2020) (explaining that district courts routinely deny discovery requests by habeas petitioners). Nor does Fiorito's citation to the APA merit reversal, because Fiorito's habeas petition is unrelated to any possible APA claim. Because Fiorito has not explained why the magistrate judge's September 13, 2022 Order was clearly erroneous or contrary to law, Fiorito cannot overcome the "extremely deferential" standard governing this Court's review of non-dispositive magistrate judge orders. *See Bracy*, 520 U.S. at 904. The magistrate judge did not err in denying Fiorito's motion to compel. Fiorito's appeal of the magistrate judge's decision on his motion to compel is, therefore, denied.

## II. Appeal of Order Denying Motion for Extension of Time

Fiorito also objects to the magistrate judge's denial of Fiorito's motion for an extension of time to file supplemental briefing regarding several cases that he contends are applicable to his habeas petition.

Fiorito sought to address three United States Supreme Court cases in his proposed supplemental briefing. He now concedes in his objections that *United States v. Wooden*, 142 S. Ct. 1063 (2022), was inadvertently included in his briefing. Therefore, Fiorito now seeks to address only two cases: *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) and *West Virginia v. EPA*, 142 S. Ct. 2587 (2022). Fiorito contends that both *Kisor* and *West Virginia* apply to his habeas petition because these decisions prevent courts from reflexively deferring to a federal agency's interpretation of law.

As addressed above, a magistrate judge's ruling will be set aside only if it is clearly erroneous or contrary to law. *Smith*, 314 F. Supp. 3d at 1026. Although Fiorito provides

5

additional context for why he believes *Kisor* and *Wilkie* support his claim, Fiorito fails to specify the agency to which he refers, to specify which interpretation of law is not entitled to deference or to provide any analysis about how these two cases support his habeas petition. Fiorito also fails to identify why the magistrate judge's ruling is clearly erroneous or contrary to law. Accordingly, Fiorito has not shown that the September 13, 2022 Order should be modified or set aside. Fiorito's appeal of the magistrate judge's September 13, 2022 Order denying in part his motion for an extension of time to file supplemental briefing is, therefore, denied.

For these reasons, the September 13, 2022 Order is affirmed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Michael Fiorito's appeal of the magistrate judge's September 13, 2022 Order, (Dkt. 44), is **DENIED**.

2. The magistrate judge's September 13, 2022 Order, (Dkt. 41), is **AFFIRMED**.

Dated: January 9, 2023                     s/Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge