UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 22-cv-0512 (WMW/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Warden Fikes, | |
| Defendant. | |

This matter is before the Court on the July 5, 2023 Report and Recommendation ("R&R") issued by United States Magistrate Judge Tony N. Leung. (Dkt. 49.) Plaintiff Michael Fiorito timely objects to the R&R. (Dkt. 52.) For the reasons stated below, the Court overrules Fiorito's objection, adopts the R&R, denies the petition and dismisses Fiorito's remaining motion as moot.

## BACKGROUND

Fiorito is currently serving a sentence for convictions of mail fraud and conspiracy to commit mail fraud, with a projected release date of August 22, 2026.

In 2016, staff members in Federal Correctional Institute ("FCI") Ashland, where Fiorito was incarcerated, filed and sustained two incident reports against Fiorito for violating prison rules. In February 2022, staff members in FCI-Sandstone, the facility to which Fiorito had been transferred, filed and sustained another incident report against Fiorito. After the February 2022 incident report was filed, Fiorito's case manager informed

him that his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN")[1] risk assessment would increase from low to medium because of these incident reports.

After Fiorito learned that his PATTERN risk assessment would be increased, he filed his petition for a writ of habeas corpus on February 28, 2022. Fiorito seeks to have the two FCI-Ashland incident reports expunged from his BOP record on the grounds that the prison staff filed the reports in retaliation for Fiorito's exercise of his First Amendment rights and violated Fiorito's due process rights when issuing and reviewing the reports, and on the additional ground that Fiorito was not guilty of the alleged violations. Fiorito also seeks to have BOP staff reduce his PATTERN risk to low.

In July 2023, the magistrate judge recommended dismissing without prejudice Fiorito's Petition because Fiorito's due process challenges to the FCI Ashland incident report are not cognizable in a habeas petition under Section 2241.

---

[1] PATTERN is a component of the Bureau of Prison's implementation of the First Step Act ("FSA"). Under the FSA, a prisoner may earn various benefits, including time credits towards an early transfer to pre-release custody or supervised release, by successfully participating in certain programs and activities that are believed to help reduce recidivism risk. The BOP uses PATTERN to assess periodically a prisoner's recidivism risk as minimum, low, medium or high. A prisoner's PATTERN assessment is based on a score calculated from several factors, including the number and seriousness of incident reports filed against a prisoner in the past 120 months and the time since the last incident report was filed. An otherwise eligible prisoner may earn time credits regardless of risk level, but a prisoner who maintains a minimum or low risk assessment earns time credits at a faster rate.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, this Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Fiorito is self-represented, the Court liberally interprets his objection. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Even when liberally construing Fiorito's objection, the Court concludes that Fiorito's objection merely repeats an argument that Fiorito has made in similar actions that he has filed. *See, e.g.*, *Fiorito v. Fikes*, No. 22-cv-0749, at *6 (PJS/TNL), 2022 WL 16699472 (D. Minn. Nov. 3, 2022), *aff'd*, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023); *Fiorito v. Entzel*, 829 F. App'x 192, at 194 (9th Cir. 2020) (finding that Fiorito is unable to demonstrate that a writ of habeas corpus will appropriately address the harm that he seeks to remedy here). This argument was considered by the magistrate judge. (*See* Dkt. 49 at 14-24.) As such, the Court reviews the July 5, 2023 R&R for clear error. *Montgomery*, 98 F.Supp.3d at 1017. Having carefully performed this review, the Court

finds no clear error and adopts the R&R. The Court, therefore, denies the Petition and dismisses this action. In light of this decision, the Court also dismisses Fiorito's remaining motions as moot.

## ORDER

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The July 5, 2023 Report and Recommendation, (Dkt. 49), is **ADOPTED**.

2. Plaintiff Michael Fiorito's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. Plaintiff Michael Fiorito's remaining motions, (Dkts. 51, 56 and 57), are **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 11, 2023

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge